VALENTINE E. McCRILLIS *et al*, APPELLANT, VS.
JAMES W. COPP, APPELLEE.

1. The enforcement of the specific performance of a contract in a
    court of equity is not a matter of strict legal right, but rests in
    the sound discretion of the court.

2. A written contract by homesteader, made before he has complied
    with the United States homestead law in reference to acquir-

ing a title from the United States, to convey his homestead, is against public policy, and void; and will not be enforced in a court of equity, although a valuable consideration may have passed to the homesteader from the purchaser.

3. C. made a homestead entry on certain real estate in 1879, and in October, 1884, without furnishing to the United States land office any proof of residence and improvement as required by the United States homestead laws to prove up a homestead, and without commuting for the same by a cash purchase, entered into a bond to convey to McC. for a consideration then paid, the homestead land when C. should obtain a final receipt from the United States land office for the same. Subsequent to the execution of this bond C. commuted for the homestead by cash purchase under the act of Congress of June 15, 1880, authorizing persons who had theretofore under any of the homestead laws entered lands properly subject to such entry, or persons to whom the right of those having so entered for homesteads, may have been attempted to be transferred by *bona fide* instrument in writing, to acquire such homestead entries by paying the government price therefor. *Held*, upon bill filed to compel C. to specifically perferm his obligation in the bond to convey the land, that such contract was contrary to public policy, and a court of equity would not compel its execution.

Appeal from the Circuit Court for Dade county.

The facts in the case are stated in the opinion.

*Robbins & Graham* and *D. S. Walker, Jr.*, for Appellants.

No appearance for Appellee.

MABRY, J:

In this case a bill was filed in the Seventh Judicial Circuit for Dade county to enforce the specific per-

formance of a written contract for the conveyance of real estate. The bill alleges "that on the 17th day of June, A. D., 1879, the respondent herein, James W. Copp, made his homestead entry No. 7228 for Lot 4, Sec. 34, Tp. 43 S., R. 43 E., and Lots 1 and 2 of Sec. 3, Tp. 44 S., R. 43 E., containing 144.74 acres. That upon the 9th day of July, A. D. 1884, respondent received notice from the Register and Receiver of the U. S. Land Office at Gainesville, that his five years of residence and cultivation expired June 17, 1884, said notice being hereto attached and marked 'Ex. A.' That failing or being unable to prove up on his homestead under the homestead law, respondent purchased the said land from the government, as appears from the patent issued to the said James W. Copp, which is hereto attached and marked 'Ex. B.' That from an examination of said patent it will appear to your honor that the said respondent obtained title as a purchaser under the law of April 24, 1820, and April 15, 1880, and not as a homesteader. Your orators further represent unto your honor that on the 27th day of October, A. D. 1884, respondent entered into a bond to your orator, Valentine E. Jones, in the penal sum of $367.20, conditioned upon his executing a deed of said land to your orator, the said Valentine E. Jones, upon respondent obtaining from the U. S. Land Office his receipt for the purchase money of said land; and your orators further show that as the consideration for the deed agreed to be delivered by respondent, your orators paid respondent the sum of $183.60, which was the

full consideration agreed upon between respondent and your orators as the price of said land. The said bond · for title is hereto attached and marked 'Ex. C.'

Your orators further represent that their contract with respondent for the conveyance of said land was and is valid and binding contract in as much as said land was obtained by purchase as shown by the patent hereinbefore referred to, and said respondent never proved up or availed himself of any rights as a homestead settler, but bought in the land by cash purchase. Wherefore your orator says that the said respondent ought in good conscience comply with his agreement to deed to them said land, and should have done so upon receiving his receipt referred to in said bond, said receipt being hereto attached and marked 'Ex. D.'

Your orators further represent that they have been in possession of said land since the date of said bond, but although frequently requested so to do, respondent has utterly failed and neglected to execute to your orator, the said Valentine E. Jones, a deed to the said land, but has delayed and refused so to do upon frivolous pretexts, and has departed these parts and his whereabouts is at present to your orators unknown. A letter of the said respondent written to the agent of your orator in this transaction is hereto attached and marked 'Ex. E.' ''

The bill prays that respondent be decreed to make and deliver to Valentine E. Jones a good and perfect deed to said land in conformity to his bond, and that

if he fail to do so, a master be appointed to execute the same.

After the filing of the bill, Valentine E. Jones intermarried with J. Wilson McCrillis, and by order of court the bill was amended and suit directed to proceed in the name of Valentine E. McCrillis, by her next friend S. H. Ray, and in the name of the husband McCrillis.

No service of subpœna was had on the respondent Copp, but publication, as provided by Chapter 3589, Acts of 1885, was made, citing him to appear and answer the bill at a specified time. Upon the showing that the publication had been made as provided by Chapter 3589, *supra,* a decree *pro confesso* was entered against the respondent. Subsequent to the entry of the decree *pro confesso,* the following decree dismissing the bill was made, *viz:* "This cause having come on to be further heard, and it appearing to the court that the bill of complaint and the exhibits thereto, that the relief therein prayed is not proper to be decreed in a court of equity, it is therefore ordered that complainant's said bill of complaint be and the same is hereby dismissed with costs to said complainant to be taxed." Complainants entered an appeal to this court from the decree dismissing the bill.

As gathered from the bill and exhibits, it appears that James W. Copp in June, A. D. 1879, made homestead entry No. 7228 upon the land in question, and on the 27th day of October, A. D. 1884, without furnishing to the U. S. land office any proof of residence

and improvement as required by the United State homestead laws to prove up a homestead, or without commuting for the same by a cash purchase, sold said land to Valentine E. Jones, now Valentine E. Mc-Crillis, for the sum of $183.60 cash, and executed a bond conditioned to convey to her the land by warranty deed when he obtained a receipt of the U. S. land office for·payment of the purchase money of homestead entry No. 7228. This bond which, it is claimed, contains the contract sought by the bill to be specifically performed, acknowledges that Copp is held and bound unto Valentine E. Jones, now McCrillis, in the sum of $367.20 to be paid to her, her heirs, administrators or assigns, with a conditional clause as follows, *viz:* "The condition of the above obligation is such that if the above bounden Copp shall upon receipt of the U. S. land office for payment of the purchase money of homestead entry No. 7228, being" (the land described in the bill), "or in case of his death before that time, if the heirs of the said Copp shall within six months after his decease do, and shall upon the reasonable request of the said Valentine E. Jones, her heirs or assigns, make, execute and deliver, or cause so to be, to the said Valentine E. Jones, her heirs and assigns, or to such person or persons as she or they shall nominate or appoint, and to such uses as she or they shall direct, all and every such deed or deeds, conveyance or conveyances whatsoever, which shall be necessary and needful for conveying and confirming unto the said Valentine E. Jones, her heirs and assigns, a good, absolute and indefeasible estate

in inheritance in fee simple with the usual covenants, and free from all encumbrances of the premises described in the first clause of this bond, then this obligation to be void, otherwise to be and remain in full force and virtue."

After the sale of the land and the execution of the foregoing bond, it appears that Copp commuted for the land and obtained a patent for it by paying the government price under a statute of the United States passed the 15th day of June, A. D. 1880. The bill alleges "that failing or being unable to prove up on his homestead under the homestead law, respondent purchased the land from the government, as appears from the patent issued to the said James W. Copp," and that it appears therefrom that he "obtained title as a purchaser under the law of April 24th, 1820, and April 15th, 1880." It appears from the land office receipt, a copy of which is attached to the bill, and to which reference is made, that Copp commuted under the act of June 15th, 1880, the second section of which reads as follows: "That persons who have heretofore under any of the homestead laws entered lands properly subject to such entry, or persons to whom the right of those having so entered for homesteads, may have been attempted to be transferred by *bona fide* instrument in writing, may entitle themselves to said lands by paying the government price therefor, and in no case less than one dollar and twenty-five cents per acre, and the amount heretofore paid the government upon said lands shall be taken

as part payment of said price." It is clear, however, that while Copp's homestead entry was intact, and be fore he commuted for the land, he sold it to Mrs. Mc-Crillis and entered into the foregoing bond conditioned to make her a deed when he secured the land office receipt. Under the allegations of the bill and the showing that the title was obtained from the United States under the act of June 15th, 1880, *supra*, it must be conceded that Copp had not before the sale gedalle complied with the U. S. homestead law in reference to residence on and cultivation of the land entered as a homestead. Is there anything connected with this obligation to convey the land in question that will justify the refusal of a court of equity to compel its specific performance? The enforcement of the specific execution of a contract in a court of equity is not a matter of strict legal right, but rests in the sound discretion of the court. This does not mean an arbitrary discretion, but a sound legal discretion, and it may be stated generally, that a court of equity will decree the specific performance of a written contract where it is certain, fair in all of its parts, not in contravention of law or public policy, and is capable of being performed. The reverse of this proposition is equally true, and if the present obligation is contrary to the spirit and policy of the United States homestead law, the aid of a court of equity can not be invoked to coerce its execution.

The Supreme Court of Nebraska decreed the specific performance of a contract entered into on the 16th day of December, A. D. 1876, between Joseph

Anderson and wife and Levi Carkins, wherein it was recited that Anderson had sold to Carkins certain described real estate, and containing an agreement that the former would convey to the latter on or before the first day of May, 1881, by good and sufficient warranty deed clear of incumbrance the land mentioned. The contract did not in terms make any allusion to the land as being a homestead of Anderson, but as matter of fact it was entered into in contemplation of Anderson's entering the land as a homestead which he did, and in March, 1884, made final proof under the homestead law and obtained title from the government. After the title was obtained by Anderson suit was instituted for a specific performance of the contract, and a decree for this purpose was sustained by the Supreme Court of Nebraska. This decision was reversed by the Supreme Court of the United States in the case of Anderson vs. Carkins, 135 U. S., 483. It was here held that "a contract by a homesteader to convey a portion of the tract when he shall acquire title from the United States, is against public policy and void; and it can not be enforced though a valuable consideration may have passed to the homesteader from the other party."

While there is a departure in some of the state courts from the view above announced, it is sustained by the prevailing opinion in a decided majority of them. Mellison vs. Allen, 30 Kansas, 382; Weeks vs. White, 41 Kansas, 569; Cox vs. Donnelly, 34 Ark., 762; Nichols vs. Council, 51 Ark., 26; Dawson vs. Mer-

rille, 2 Nebraska, 119; Oaks vs. Heaton, 44 Iowa, 116. The homestead entry made by Anderson in the case cited above was subject to the provisions of the act of June 15, 1880, as the entry was made prior to its passage, and the title obtained subsequently, though the homesteader in that case made final proof of residence and cultivation and did not commute as this act authorized. Copp, in the case before us, did not make proof of residence and cultivation and obtain title in this way, but commuted by paying the government price, and this fact the bill distinctly alleges. Does this change the application of the rule already stated? It was said in Dewhurst vs. Wright, 29 Fla., 223, 10 South. Rep., 682: "The purpose of the act of Congress, as set out above (act of June 15, 1880), was the relief of persons who had previously entered, for homestead, lands under any of the homestead laws of the United States, and also the relief of the persons to whom the right of those having so entered lands for homesteads had been previously attempted to be transferred by *bona fide* instrument in writing. The policy of the act was to permit these two classes of persons to purchase for cash, or make a cash entry of the lands upon the terms stated in the act, and thus save them from the loss consequent upon failure to comply with the ordinary statutory requirements as to residence or occupation and improvement in case of homestead entries. Neither of these classes include, nor does the policy of the act embrace a person to whom the person making the entry may have made a transfer, or a *bona fide* attempt to transfer, subsequent to the act. The

act does not permit a person who belongs to neither of the two favored classes to avail himself of the benefits offered them by doing for himself and with his own money, but in their name, and upon their application, and the proof of identity which the provision of the act palpably render indispensable, that which he could not do if acting avowedly and openly for himself; nor will a court of equity, even though a patent in the name of one entitled to it under the provisions of the above statute, had been secured by a person not belonging to either of the favored classes, relieve such person of unanticipated obstacles to the beneficial realization of that which the statute never intended he should acquire under its provisions."

Mrs. McCrillis was not the assignee of Copp prior to the passage of the act of Congress referred to, but was the purchaser of the land embraced in the homestead entry long after the act was passed. Her status is that of an independent purchaser of the land, and not as assignee of Copp's homestead right. She is not, however, a person entitled under the act to avail herself of the right to purchase from the Government the homestead of Copp, and to enforce the contract before us in her favor, would, in effect, secure to her this right before Copp had acquired any title to the property. The fact that the homesteader purchased in his name does not change the result, as he had at the time of the purchase, if the contract of sale be valid, parted with his interest in the land, and to enforce the contract would,

in effect, be the securing to Mrs. McCrillis the benefits and privileges of the act whilst she is not either in its letter or spirit. A court of equity cannot be invoked to aid her in her present dilemma. The relief sought is based entirely upon the bond for title, and there is nothing in the letter referred to, or the possession alleged, disconnected from the obligation to convey, that will entitle her to a decree.

We deem it proper to mention another question apparent on this record, and that is, a specific performance of a contract is asked to be decreed on service by publication, without a personal appearance on the part of the respondent. Can this be done? We do not decide this question, as it does not become necessary.

The decree of the Circuit Court dismissing the bill affirmed. Ordered accordingly.