HORACE WILLIAMS, *Appellant,* v. THE NEELD-GORDON
COMPANY, *Appellee.*

Opinion Filed June 20, 1923.

1. Specific performance of contracts for the sale of real property
cannot be demanded of right, it is granted of grace and rests
in discretion but the discretion to be exercised should be
legally sound and not an arbitrary one. When the contract is
in writing, is certain, fair in all its parts, not in contraven-
tion of law or public policy and is capable of being performed
it may be said generally that a court of equity will decree
specific performance in an appropriate suit.

2. When third persons attempt to purchase lands from the
owner which the owner is under contract to sell to the com-
plainant and such third persons have knowledge of the ex-
istence of such contract they take the title subject to com-
plainant's equity.

An Appeal from the Circuit Court for Pinellas County;
F. M. Robles, Judge.

Decree reversed.

*A. K. Cook* and *Crockett Owen,* for Appellant.

*Williams & Bly,* for Appellee.

ELLIS, J.—This is an appeal from an order sustaining
a demurrer to a bill which sought to declare a trust in
certain lands.

The facts alleged are that on February 9th, 1920, the
E. O. Painter Fertilizer Company owned the land and
agreed to sell it to Williams for the sum of twenty thou-
sand dollars on the following terms: Williams to assume
a ten thousand dollar mortgage in favor of Mrs. Heathcote,

to pay the Painter Company five thousand dollars cash and give a promissory note for the remainder payable two years thereafter and to be secured by a second mortgage on the land. The Painter Company thereafter executed a deed of conveyance to Williams and deposited it in escrow with the Central National Bank, Williams having paid five hundred dollars in earnest of the trade. The terms of the escrow were that the deed was to be delivered to Williams upon the payment by him of four thousand five hundred dollars and the execution of the note in favor of the Painter Company for the sum of five thousand dollars and mortgage upon the land to secure the payment of the note. The deed from the Painter Company recited that Williams assumed the Heathcote mortgage.

On February 13th, 1920, B. C. Neeld and George M. Gordon, as co-partners, exhibited their bill in chancery against the Painter Company for specific performance of a contract for the sale of the same land, Williams was made defendant. The bill alleged on information and belief that the Painter Company had agreed to sell the land to Williams and prayed for an injunction against the consummation of the sale.

On May 21st, 1920, the Chancellor sustained a demurrer to the bill and Neeld and Gordon appealed making the appeal returnable on August 16th, 1920.

On August 2nd, 1920, Neeld and Gordon obtained a deed of conveyance from the Painter Company for the land which consisted of four lots in the City of St. Petersburg. On the same day Neeld and Gordon and their wives conveyed the land to the Neeld-Gordon Company, a corporation, which obtained its charter on January 2nd, 1920. The stockholders were Neeld and his wife, Gordon and his wife and A. T. Blocker. Neeld was president, Blocker was vice-president and Gordon secretary and treasurer.

The bill alleges that Neeld and Gordon "had full knowledge" of Williams' contract with the Painter Company before they purchased the land and that the officers and stockholders of the corporation had such knowledge before that date. It is also alleged that at all times since February 13th, 1920, Williams has been ready, able and willing to comply with the terms of the contract with the Painter Company. The complainant tendered in court to the Neeld-Gordon Company five thousand dollars in cash and the promissory note for the remainder secured by a mortgage upon the land and alleged his willingness to accept from the Neeld-Gordon Company "a deed conveying to him the aforesaid lots and reciting therein that he assumes and agrees to pay" the indebtedness to Mrs. Heathcote.

The prayer is that the Neeld-Gordon Company will be decreed to hold the title of the property in trust for the complainant and require it to execute a deed of conveyance to him in compliance with the terms of "his purchase of said lots" from the Painter Company.

The Neeld-Gordon Company had notice when it obtained the deed of conveyance from Neeld and Gordon of the transaction between Williams and the Painter Company, so had Neeld and Gordon knowledge of the transaction when they obtained a conveyance from the Painter Company.

These parties knew that Williams had failed to comply with the terms of his agreement with the Painter Company. That five months and twenty-three days had elapsed since the Painter Company had complied with the agreement on its part to be performed, yet Williams had failed to comply with the agreement on his part. He had paid five hundred dollars when the deed was placed in escrow, but his agreement was to pay five thousand dollars

and execute a note and mortgage to secure the payment of the remainder of the purchase price.

It cannot be said that he acted with diligence. He was in no position all of that time to maintain against the Painter Company a bill for specific performance because it is not shown that he tendered to the Company the cash payment required and the note and mortgage. Being ready, willing and able to do so was not a compliance with his agreement in the absence of any showing that the Painter Company had refused or failed to comply with the agreement on its part. The deposit of the deed in escrow upon the terms stated in the bill was a full compliance with the agreement by the Painter Company. If the complainant was ready, willing and able four days thereafter to comply with his part of the agreement no reason appears why he did not actually do so, unless he was excused from such compliance by the act of Neeld and Gordon in bringing the bill for specific performance against the Painter Company and Williams. But that was no act of the Painter Company, and the complainant in this case, Williams, need not have been deterred thereby from compliance with his agreement.

Specific performance cannot be demanded of right. It is granted of grace and rests in discretion. See Knox v. Spratt, 23 Fla. 64, 6 South. Rep. 924; McCrillis v. Copp, 31 Fla. 100, 12 South. Rep. 643; Asia v. Hiser, 38 Fla. 71, 20 South. Rep. 796; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877; Ann. Cas. 1917-D 230 n; Dixie Naval Stores Co. v. German American Lumber Co., 76 Fla. 339, 79 South. Rep. 836.

The discretion to be exercised is not an arbitrary discretion but should be sound legally. When a contract is in writing, is certain, fair in all its parts, not in contravention of law or public policy and is capable of being per-

formed it may be said generally that courts of equity will decree specific performance of them.

Now, if Williams could have maintained against the Painter Company a bill for specific performance on August 2nd, 1920, by tendering to the Company the first cash payment and note and mortgage then Neeld and Gordon would have taken the land subject to his equities because they had "full" knowledge of his rights, if it was intended by that word to convey the idea of actual knowledge on their part. We so interpret it in connection with other allegations of the bill.

Neeld and Gordon were therefore not innocent purchasers if that equity existed. Time was not of the essence of the agreement between the Painter Company and Williams, and the former had not notified Williams orally nor in writing of its intention to rescind because of Williams' failure to comply with the terms of the agreement on his part to be performed.

Not availing itself of the right to rescind the agreement, which Williams' delay in performing might have given to it, the Company could not retain the five hundred dollars it had received and cancel the agreement without notice; treat it as if it had no existence. The theory upon which equity enforces a contract for the sale of land is that the vendor is deemed to be the holder of the legal title for the benefit of his vendee and equity deems that to have been done which should have been done.

The case of Ward et al. v. Spivey, 18 Fla. 847, cited by solicitors for appellant in their brief, is controlling.

There does not appear to have been such wilful and intentional delay on Williams' part as evinced an intention to treat the contract as at an end, nor that the delay had caused such damages as would have rendered a decree of specific performance inequitable. See 6 R. C. L. 928.

64      SUPREME COURT OF FLORIDA.

Although the suit by Neeld and Gordon against the Painter Company and Williams did not in law nor equity relieve Williams from performing the agreement, yet it is persuasive of the existence of a mutual intention to defer the consummation of the agreement until the termination of the suit, in which case the Painter Company was not justified in treating the contract as abandoned by the complainant.

The demurrer should have been overruled. The decree is reversed with directions to reinstate the bill and allow the defendant a reasonable time within which to answer or plead.

TAYLOR, C. J., AND WHITFIELD, BROWNE, WEST AND TERRELL, J. J., concur.