H. LEVITT and LEVITT PROPERTIES, INC., a corporation, *Appellant*, vs. IVAR AXELSON, *Appellee*.

135 So. 553.

Division B.

Opinion filed June 29, 1931.

Petition for rehearing denied August 10, 1931.

234

*Worley & Worley* and *Loftin, Stokes & Calkins,* of Miami, for Appellant;

*Huber, Blackwell & Gray,* and *D. A. McDougald,* of Sapulpa, Okla., for Appellee.

DAVIS, J.—This is an appeal from a final decree made on rehearing in favor of complainant for a money judgment against the defendant after the court had originally entered a decree finding the equities with defendant and denying all the relief sought.

The facts in the case involved a typical boom-time real estate transaction in which several of the parties were interested. The controversy finally narrowed down to a dispute between Axelson, the complainant in the court below, and Levitt, defendant in that court, as to whether or not Axelson had a one-sixth undivided interest in the profits arising from the sale of the land involved by Levitt, and also whether or not Axelson was entitled to a one-fifth of a 10% commission of the sale price which Levitt is alleged to have promised to pay to Axelson but did not do so. Accordingly, Axelson prayed for a money decree against Levitt for one-fifth of Levitt's commission. The court denied all of the complainant's relief except the personal money decree for the alleged real estate commission. Accordingly, the final decree of the court was that the complainant Ivar Axelson should have and recover of and from the defendants H. Levitt and Levitt Properties, Inc., a corporation, the sum of $17,991.60. It is from this decree that the appeal was taken.

The original decree of the court was that the equities were with the defendants and that complainant's amended and supplemental bill of complaint should be dismissed. In petitioning for a rehearing the complainant based his prayer for same on the ground that the court had overlooked the fact that complainant's bill of complaint was in three aspects as follows: (1) that a case was stated for an accounting by a trustee, one of the defendants, to his beneficiary, the complainant, for trust funds; (2) that a case was stated for the establishment and enforcement of a trust in real estate; (3) that a case was stated for the collection by the complainant from the defendants

of a commission for the sale of lands owing by the defendants to the complainant.

As the Chancellor expressly reaffirmed his findings against the complainant on the first two aspects of the case, it is only necessary to consider whether or not it was proper to enter a decree in favor of complainant against defendant for the real estate commission claimed for the sale of lands as set up in the amended and supplemental bill to which a demurrer had been interposed and was overruled by the court on final hearing

It is our view that the court below was right in rejecting the case in its first two aspects as above stated and that the cross assignments of error of the appellees thereon are not well taken. This brings us to a consideration of the question of whether or not a court of chancery can enter a personal decree for the payment of money claimed as a part of a broker's commission for effecting a sale of a parcel of real estate when no other relief is decreed to the complainant and the transaction involving the claim of real estate commission is an entirely different cause of action interjected into the suit by the complainant as a ground of relief additional to the other equitable relief sought.

We think this question must be answered in the negative on the authority of Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756; Zlinski v. Zewadski, 8 Fla. 402; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473.

In the last cited case the rule was stated by this court to be as follows: "While a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction, both alleged and proven; otherwise a court of equity will not retain jurisdiction and grant a purely legal remedy."

In this case the asserted legal right to a part of the broker's commission was alleged to be founded on an independent oral agreement between Axelson, the appellant, and Levitt, the appellee, with which the other equitable grounds of relief set up in the bill were in no way concerned.

In other words, the right to the real estate commission was not claimed by Axelson to be an incident to his equitable rights in the profits arising out of the resale of the land which was alleged to have constituted a trust fund.

Appellee contends that the case is within the ruling of Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216, where it was held that a defendant who has answered a bill in chancery and submitted himself to the jurisdiction of the court without objection cannot later insist that the complainant has a perfect remedy at law, unless the court of chancery is wholly unable to grant the relief sought by the bill. In that case it was also held that a bill in equity is not necessarily multifarious because there may be united in it several causes of action. It was there stated that if all the different causes of action united in the bill grew out of the same transaction, and all the defendants were interested in the same right, the bill could be maintained on the theory that where a court of equity takes jurisdiction of a cause for one purpose, it will proceed with the determination of all the matters presented.

But there is nothing in the case relied on by the appellees to warrant the position taken by them that it is permissible to couple a purely legal demand with an equitable one in the same bill of complaint when the legal demand in question constitutes no part of and is not incidental to the equitable demand.

The true rule in such cases is that equitable rights must be both averred and proven before purely legal rights between the parties will be determined by a court

of equity. See Lewis v. Yale, 4 Fla. 418, 10 R. C. L. 372, 21 C. J. 142.

Where a bill states a case entitling the complainant to equitable relief, if the proof fails to establish the averments of the bill with respect to the equitable relief sought, in consequence of which the prayer for an equitable relief is denied, the court is without jurisdiction to proceed further and determine separate and independent claims of legal right between the parties, which claims of legal right would be cognizable in a court of law.

The final decree made on rehearing is erroneous and should be reversed. The original final decree was correct and should be affirmed without prejudice to the right of the complainant in a suit at law to seek such relief respecting the legal matters involved as he might obtain in a court of law.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

## ON REHEARING.

DAVIS, J.—There is nothing in the opinion which precludes the complainant from asserting his rights at law as provided by par. 3 of Section 4648 C. G. L., 2928 R. G. S., which was evidently enacted to cover cases like this.

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.