HOBSON, Justice.
One Kindel, as plaintiff, brought suit against appellee J. H. Eller seeking specific performance of an alleged agreement to sell and convey certain land. Appellant, Mortgage Investment Foundation, Inc., intervened in the suit claiming under an agreement whereby J. H. Eller and his wife were to convey the same realty to the appellant.
The chancellor heard testimony and dismissed the plaintiff Kindel’s case, finding that the agreement under which he claimed was invalid. The chancellor went on, however, to deny specific performance of the admittedly valid contract under which the intervener claimed because, to quote from the chancellor’s memorandum decision, the defendant, J. H. Eller, was
“ * * * in no position to specifically perform the contract with the Mortgage Investment Foundation, Inc., without subjecting himself to the necessity for awaiting the outcome of the Kindel litigation before he shall be privileged under the contract to receive any part of the purchase price. There is no telling how long that litigation will be pending if an appeal from this Court’s decision made today should be taken, and Mortgage Investment Foundation, Inc., hasn’t evidenced any willingness to pay $44,000 for such interest as the defendant can deliver now, but says that if the title is insured, if it shall be insured, and if the defendant, with Mortgage Investment Foundation, Inc.’s assistance, shall prevail in the Kindel litigation, then and only then will it pay the purchase price.”
The Kindel litgation in fact terminated with the chancellor’s final decree, no appeal from which was taken by the plaintiff Kin-del. Only the Mortgage Investment Foundation, Inc., appealed, contending first that it was error to deny specific performance under the circumstances of the case, and second that at the least it was error to dismiss appellant’s suit with prejudice and without preserving its remedies at law.
In connection with the second point it raises, appellant contends that where the primary relief of specific performance to a buyer cannot be decreed, equity has no jurisdiction to grant damages for breach of contract by the seller, Lewis v. Yale, 4 Fla. 418, but that the failure in equity does not bar the buyer’s remedy at law, Murphy v. Hohne, 73 Fla. 803, 74 So. 973, L.R.A. 1917F, 594, and in such a situation a dismissal should be without prejudice to the right of the complainant to pursue his remedies at law, Levitt v. Axelson, 102 Fla. 233, 135 So. 553. We agree that the minimum relief which must be accorded appellant is the preservation of his rights at law.
This leaves us with the principal question of whether or not the chancellor committed reversible error in refusing specifically to enforce a valid contract to convey land under the circumstances of this case. Specific performance is a remedy which lies within the discretion of the chancellor, but this discretion is controlled by well-established doctrines of equitable jurisprudence. Speisberger v. Newman Realty Co., 125 Fla. 342, 169 So. 859; Williams v. Neeld-Gordon Co., 86 Fla. 59, 97 So. 315.
In the case before us it is undisputed that both the buyer and seller knew of the possibility of an adverse claim when the contract which appellant seeks to enforce was entered, and the chancellor so found. There is no suggestion in the record of any misrepresentation, concealment, fraud, overreaching or inequitable conduct of this nature on the part of either the El-lers or the appellant. As the chancellor observed in the quoted portion of his memorandum decision, the appellant required that the title be insured, but it was authorized so to require by the express language of the contract by which it claimed.
The chancellor further observed that the appellant was unwilling to “pay $44,000” before the Kindel litigation was concluded successfully by the defendant therein. The contract sought to be enforced, however, did not require appellant to pay $44,000 in *870 a lump sum, but a deposit of $4,400, a further sum of $8,800 to be paid at the time of closing, and the balance payable in five equal installments of $6,160 each, at interest. Appellant offered in its complaint to pay into the registry of the court all sums due and owing under the terms of the contract and to have the sums so held pending the final determination of the controversy. The sum of $4,400 had been deposited in escrow by the appellant on account of the contract and a copy of the deposit receipt was filed with the complaint. It was also alleged and proved by appellant, as inter-vener, that $8,800 had been tendered by appellant to the seller before the litigation commenced. There was no doubt that appellant at all relevant times was ready, willing and able to purchase the property on the terms specified in the contract, and was tendering sufficient monies for the purpose. Certainly appellant, to do equity, was not obligated to “pay $44,000” to the sellers before the final outcome of the litigation. Moreover, the contract provided that the seller would use reasonable diligence to make the title good and marketable, and should have a reasonable time to do so. This language had the effect of memorializing the understanding of the parties with regard to the possible Kindel claim.
This brings us to a consideration of the main reliance of the chancellor in denying the remedy which appellant sought, namely that an appeal by Kindel to this court, from the adverse decision, would make it necessary for the sellers to await the outcome before receiving any part of the purchase price. All parties were represented in the litigation. It was obvious that any party could appeal from an adverse decision and that the sale of the property, and the seller’s right to the purchase price, might be held in abeyance pending the final outcome of the litigation whether specific performance was granted or not. If the possibility of an appeal by an unsuccessful adverse claimant were a ground for denial of specific performance, the remedy would never be granted in a case involving adverse claimants, because the unsuccessful claimant might always appeal.
We can find no precedent for denial of specific performance upon such ground and, at least under the circumstances of this case, we cannot accept it as a valid basis for the action taken below. Accordingly, the judgment appealed from must be, and it is hereby, reversed and the cause remanded with directions to grant specific performance as prayed for by the appellant herein.
It is so ordered.
TERRELL, C. J., and THOMAS and THORNAL, JJ., concur.