KANNER, Chief Judge.
Appellant as the purchaser and appellees as the vendors had entered into a written contract for the sale of certain unimproved real property situated in Palm Beach County. Appellant instituted suit in equity seeking to compel the specific performance of the contract by the appellees. The chancellor declined to grant a decree and dismissed the complaint. This appeal is from the adverse decree. In this opinion the court will refer to the appellant as purchaser and the appellees as vendors.
*215 On October 9, 1952, the contract was entered into. It provided that the transaction he closed within 60 days of delivery or tender of title insurance. On November 4, 1952, the vendor Fred G. Benson was advised by an abstract and title insurance company that an easement traversing the property was not located where the parties understood it to be. On November 17, 1952, the purchaser was advised by letter of this condition. Shortly thereafter the purchaser, through telephone conversation with the vendors’ real estate agent and by letter to him dated November 21, 1952, advised him that he, the purchaser, wanted to “get out from under” the contract. Nothing further was done by the purchaser until January 20, 1955, when he filed a suit seeking to rescind and cancel the contract and recover the earnest deposit. On July 25, 1955, the circuit court entered final decree adverse to the purchaser-plaintiff in that action because the purchaser had not made a clear and unequivocal demand that the defect in title be removed and thereby deprived the vendors of a reasonable time to do so as provided in the contract. On July 28, 1955, the purchaser notified the vendors’ real estate agent that he would waive the defect in the title and take the property subject to it. This the vendors refused. During the interim period from the time of the execution of. the contract on October 9, 1952, to July 28, 1955, the property had doubled in value. On August 29, 1955, suit for specific performance was instituted.
The facts, as we have related them, adequately and substantially depict the controversy upon which the chancellor’s decision giving rise to this appeal was predicated.
The chancellor made these pertinent findings:
“This suit for specific performance was not brought until August 29, 1955. In the meantime plaintiff had led defendants to believe that he would not insist upon delivery of the lands in fulfillment of the contract. Because of the position thus taken by the plaintiff, defendants were lulled into the belief that plaintiff had abandoned the contract. Therefore, it was not necessary for defendants to take affirmative action to terminate the contract.
* * * * * *
“It is well settled that such relief is not a matter of right, but rests in the discretion of the court. Here the delay in bringing suit, coupled with plaintiff’s vacillating conduct regarding performance of the contract and the substantial increase in the value of the lands during the interim, make specific performance improper under the decisions of the courts of Florida.”
The arguments of the purchaser for reversal are essentially that he waived the defect in the title and was willing to pay the purchase price specified by the contract although the vendors had made no effort to rectify the defect; that the vendors’ position has not changed to their detriment; that the vendors never advised him that they would not hold him to the contract; and that mere lapse of time cannot operate to deprive him of his rights under the contract.
In a claim to enforce the specific performance of a sales contract for real property, the judicial forum is that of a circuit court and the proceeding is in equity. The remedy thus afforded is granted of grace and rests in the sound judicial discretion of the chancellor, but that discretion must not be exercised arbitrarily or capriciously. Williams v. Neeld-Gordon Co., 1923, 86 Fla. 59, 97 So. 315. Where a party invokes this remedy, he must have acted with reasonable diligence and exercised vigilance in asserting his rights after he became aware that he should proceed notwithstanding the default of the vendor, because under appropriate circumstances an unreasonable delay may lose him the right to this equitable remedy. No general rule can be applied to all spe *216 cific performance cases to determine what constitutes laches. The matter of laches does not hinge on the mere passage of time. Determination of whether or not laches exists in a particular case must depend upon the character and evidence of the rights concerned, together with all of the pertinent circumstances happening during the period of delay. DeHuy v. Osborne, 1928, 96 Fla. 435, 118 So. 161.
What has been said in connection with the diligence and vigilance of a party seeking specific performance of a contract for the sale of real property is pertinently applicable where there has occurred a change in the value of the property. Equity does not countenance an unreasonable and unexplained delay which enables a party to speculate upon and gain advantage under such a contract. See DeHuy v. Osborne, supra; and 49 Am.Jur., Specific Performance, section 76, p. 93.
It is clear that a little over a month after the execution of the contract the purchaser was advised of the defect of the title. Less than a week thereafter the purchaser advised the vendors’ real estate agent that he wanted to withdraw from the contract. The purchaser then permitted an intervening period of a little less than two and one-half years to elapse without doing anything further until the bringing of the unsuccessful suit to rescind the contract. He then advised that he would waive the defect in title. About three years intervened between the time of the execution of the contract and the time of the bringing of the specific performance suit. The value of the property had doubled.
On the subject of delay as precluding specific performance, see also the cases of Chabot v. Winter Park Co., 1894, 34 Fla. 258, 15 So. 756; Knox v. Spratt, 1887, 23 Fla. 64, 6 So. 924; Asia v. Hiser, 1896, 38 Fla. 71, 20 So. 796; Hathcock v. Societe Anonyme La Floridienne, 1907, 54 Fla. 631, 45 So. 481; and the decision of this court in the case of Greenfield v. Bland, Fla. App.1958. 99 So.2d 727.
These events and circumstances depict such a course of conduct on the part of the purchaser that amply justifies the decision of the chancellor.
Affirmed.
ALLEN and SHANNON, JJ., concur.