On Petition for Rehearing
PER CURIAM.
 The plaintiff below sought damages under § 187, Title 29 U.S.C.A. If the Court had jurisdiction to grant an injunction, it doubtless had power to grant legal relief as an incident of and ancillary to- its equitable jurisdiction in order to avoid the necessity of a second proceeding. There was here no determination of tort liability but jurisdiction was reserved for that purpose. “The rule which permits the court of chancery to retain jurisdiction of litigation and finally dispose thereof is limited in its application to cases * * * in which the jurisdiction of the court has been rightfully invoked.” 19 Am.Jur., Jurisdiction, § 132. In this state, the limitation is more severe than this. In Levitt v. Axelson, 102 Fla. 233, 135 So. 553, the chancellor was reversed for entering a money judgment where no part of the equitable relief sought was granted. The court held that a basis for equitable relief must be proven as well as alleged in order to grant relief obtainable at law. See also Mortgage Investment Foundation v. Ellis, Fla.1957, 93 So.2d 868, 869. Under these circumstances, we do not think a transfer of the tort claim to the law side to be appropriate under Rule 1.39, Florida Rules of Civil Procedure, 30 F.S.A. Our judgment of reversal for want of jurisdiction was without prejudice to any right which appellee may have to bring an action at law. What is said here is not intended as a ruling one way or another on the question of jurisdiction of the state court for such an action for damages.
For the reasons stated, the opinion of this court, dated November 9, 1959, is adhered to and the petition for rehearing is denied.
HORTON, C. J., CARROLL, CHAS., J., and MILLEDGE, STANLEY, Associate Judge, concur.