Jennett J. McCullom, in behalf of herself and others, composing the Walton County Memorial Association, vs. John Morrison and Murdock E. Morrison.

Where a chattel is of peculiar value and character, and the loss of it cannot be fully compensated in damages, equity will interfere and grant full relief by requiring a specific delivery.

Appeal from the Circuit Court, First Judicial Circuit, Walton County.

A statement of the case is contained in the opinion of the court.

*D. L. McKinnon* for Appellants.

*A. E. Maxwell* for Respondents.

WESTCOTT, J., delivered the opinion of the court.

In this case, Jennett McCullom, in behalf of herself and others composing the Walton County Memorial Association, sues John Morrison and Murdock Morrison.

The complaint states the formation and organization by the plaintiffs of the association; that the members composing the association are seventy-five in number, and live in various parts of the State; that they have a common interest in this action and have authorized its being brought; that the association is not incorporated; that after several years of labor sufficient moneys were raised to erect a monument to the Confederate dead, which was the purpose of the organization of the society, and it was determined to erect it in the county of Walton. That a monument was purchased; that soon after the purchase of the monument the then secretary of the association called a meeting of the society, giving but short notice and failing to specify the purpose for which it was called; that at an earlier hour than the time

prescribed for the meeting of the society, less than one-third of the members being present, a vote was taken, and a majority of the one-third then present determined to erect the monument at Euchee Valley Presbyterian Church. That as soon as this action became known, a large majority objecting to such location, called a meeting at which a large majority of the members were present, and it was determined to erect the monument at Euchee Anna; that it was, however, agreed that it should be temporarily erected at the church, and that at a subsequent regular meeting it should be determined at what point it would be permanently constructed; that such meeting was held and that it was then determined to locate it at Euchee Anna, which was accordingly done by the society. That the defendants and others in their employment shortly thereafter pulled down said monument and carried it back to the Valley Church, threatening violence to any one who should interfere with them; that they now assert that if it is removed back to Euchee Anna they will not permit it to remain, and threaten to cement the shaft of the monument to its present site.

Plaintiffs pray that the court may cause the removal of the monument back to its proper place, under the direction of its proper officers, and that the defendants may be decreed to pay all costs occasioned by such removal, as well as such damages as the monument has sustained, and that the defendants may be enjoined from in any manner interfering with, or removing the monument after it is thus returned to its proper place, and from cementing the shaft or otherwise injuring the monument.

To this complaint a demurrer was interposed upon the following grounds:

1. Because the complaint is defective for uncertainty and insufficiency as to parties, both as respects plaintiffs and defendants.

2. Because the facts stated in the complaint do not constitute a sufficient cause of action.

3. Because the facts stated do not give jurisdiction for the appointment of a referee to make inquiry as to the alleged damages, nor to order the restitution of the monument by the officers of the court.

This demurrer was sustained, and from this judgment the appeal is prosecuted.

We can see no defect as to parties upon the face of the bill, and none has been pointed out.

As to plaintiffs, the question is one of common and general interest to the members of this association. Under the direction of the society, one has brought this action for the benefit of all, and this is sufficient. Sec. 70, page 25, Code; Barb. on Parties, 36, 7; 4 Sand., 659; 3 Ves. 72, note.

As to defendants, the case made by the complaint is that the act complained of was done by the defendants and others in their employment and through their procurement. It appears from this that the others beside the defendants connected with the act complained of were simple employees of the named defendants. The entire act was the act of the defendants, and there can be no objection upon the ground of the misjoinder of an agent or employee.

Do the facts constitute a sufficient cause of action, and has the court jurisdiction?

Taking the allegations of the complaint as true, there is unquestionably a case made for relief of some kind. An association is formed for the purpose of purchasing and erecting a monument in memory of the dead. Such monument is purchased and erected at a particular place, after consultation and final action of the members of the association. The defendants, without the least apparent right or justification, and with threats and menaces remove the monument to another and different place, and there erect it. After its erection they warn others not to interfere, and openly announce that in the event the society remove the monument to the point at which they desire to locate it and there erect it, they will " tear it down and carry it back."

The plaintiffs seek the recovery of a specific chattel of peculiar character. It is a monument erected in memory of the dead, which has been improperly removed by one having no such authority. The purchase and erection of this monument was the object of the contributions made by this society and the community. The damages recoverable at law would be no adequate compensation in such a case, because there is attached to it a value and peculiar interest much beyond its money value. In addition to this, the plaintiffs seek a restraining order to protect it, and the allegations show the necessity for such action. The complaint is substantially a bill in equity to protect the chattel during the suit, to recover it in specie, and to protect it from damages thereafter. In such a case, the interference of a court of equity is necessary to protect the property from destruction and defacement while the suit is pending, and upon the final hearing, if the case is made out, to grant a perpetual injunction prohibiting any interference with it by the defendants. Under these circumstances a sufficient cause of action is stated in the complaint. Story's Eq. by Red., Sec. 709; Adam's Eq., Sec. 92.

The conclusion we reach is that there is a case made for the recovery of the specific chattel, and that the plaintiffs have properly invoked the equity powers of the court for its protection from threatened damage. This is sufficient to dispose of the demurrer, and it is not deemed proper to go farther and point out the particular form or nature of the final judgment, when that question has not been passed upon by the Circuit Court. Whether the court should direct its officer to reconstruct the monument at its proper site at the cost of the defendants, and the matter of damages, are questions upon which no opinion is expressed; and which are left for the consideration of the Circuit Court, in the event the case is made out.

The order of the court sustaining the demurrer is reversed, and the case is remanded for further proceedings.