MILLER v. MUTUAL RESERVE FUND LIFE ASS'N et al.

(Circuit Court, S. D. New York. April 8, 1901.)

PRELIMINARY INJUNCTION—GROUNDS.

    A preliminary injunction will not be granted where its denial will involve no risk of irreparable injury to complainant.

In Equity. On motion for preliminary injunction.

Joseph M. Keating, for the motion.
William D. Guntrie, opposed.

LACOMBE, Circuit Judge. Interesting and intricate questions arise upon this application. It must be conceded that in some particulars the court has not succeeded in finding in the papers submitted any sufficient explanation of some of the transactions which are not disputed. Thus, the so-called Shields resolution does not appear to warrant any depletion of the old reserve fund below the amount accumulated in it when such resolution was passed; and, although defendants' argument touching complainant's interest is based in part upon the proposition that complainant belongs to a particular class (the "fifteen-year class"), neither the application, the policy, nor the constitution seems to make any such classification; but, on the contrary, the language of the policy evidently contemplates a single class,—the entire membership,—containing persons of all ages and of all durations of membership; each member, however, paying, when assessed, into the common death fund of that single class, amounts differing according to their ages. It may be that evidence may change this situation at final hearing. The question now before the court, however, lies within a narrower field than do those presented by the pleadings. It is really this: Can the status quo be preserved, with no risk of irreparable injury to plaintiff, without grant-

ing injunctive relief in advance of final hearing? The court is entirely satisfied that it can. As to the so-called lien which it is contended defendants expect to impose on plaintiff's policy, no possible action intermediate final hearing can affect plaintiff's rights in any way, assuming that he lives till then. As to the turning over of the old reserve, that is a mere matter of bookkeeping. It will remain in the same cash box, no matter to what account it is credited on the books. For these reasons, the application for preliminary injunction is denied.