JAMES M. GRAHAM, APPELLANT, v. Z. C. HERLONG, APPEL-
LANT.

As a general rule, a court of equity will not require the specific
delivery of chattels, unless the bill alleges such chattels
to be of peculiar value and character, the loss of which
could not be fully compensated in damages.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the
Court.

*Evans Haile* and *Horatio Davis*, for Appellant.

*Bryan & Bryan*, for Appellee.

SHACKLEFORD, C. J. This is a suit in equity instituted
by the appellee against the appellant in the Circuit Court
for Alachua county whereby it is sought to have appellant
deliver over to appellee certain shares of railroad stock,
which it is alleged had been pledged to appellant by ap-
pellee to secure certain indebtedness. A general de-
murrer was interposed to the bill, which was overruled,

and from this interlocutory order an appeal was entered to this court. The bill does not alege that the chattels were of peculiar value and character, the loss of which could not be fully compensated in damages. No special grounds are shown for the intervention of a court of equity, and the bill should not be entertained. McCollom v. Morrison, 14 Fla. 414; Dorman v. McDonald, 47 Fla. 252, 36 South. Rep. 52; City of Jacksonville v. Massey Business College, 47 Fla. 339, 37 South. Rep. 432; Florida packing and Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602.

It follows that the interlocutory order appealed from must be reversed, with directions to sustain the demurrer; the appellee to pay the costs of this appeal.

COCKRELL and WHITFIELD, JJ. concur.

TAYLOR P. J. and HOCKER and PARKHILL JJ. concur in the opinion.