THE CALUMET COMPANY v. OIL CITY CORP.

154 So. 141.
Opinion Filed April 16, 1934.

*Marshburn, Mendenhall & McDonald,* for Appellant;

*Winters, Foskett & Wilcox, D. Stuart Gillis* and *L. H. Brannon,* for Appellee.

DAVIS, C. J.—On January 7, 1932, an agreement in writing was entered into between Oil City Corporation on the one part and Calumet Company on the other, in which it was recited that the Oil City Corporation being engaged in prospecting for oil and gas in Walton County, and being the owner of a large number of oil and gas leases on large tracts of land lying south of DeFuniak Springs, had already drilled a certain well designated as No. 1, located at or near Rock Hill and was desirous of having a second test well for oil and gas started in the area then under lease by it at or near the "Oil Camp site of Antioch, Walton County, Florida," and that Calumet Company, being ready and willing to undertake the drilling of said second test well, agreed, bound and obligated itself to begin drilling operations on said second test well within twenty days from the date of contract.

According to the terms of the agreement, the well was

to be commenced at a location to be selected by the Calumet Company on a block of leases to be assigned by the Oil City Corporation to Calumet Company, it being agreed that Oil City Corporation would assign to said Calumet Company an oil and gas lease on four (4) one hundred and sixty (160) acre tracts, each of which was to be located within one mile of the number 1 well that had been driven, said lease assignments to be placed in escrow in the First National Bank of DeFuniak Springs to be delivered to the drilling company and to become its property when actual drilling should be begun on the second well.

The Calumet Company alleging that it had, in accordance with the terms of the contract, selected the one square mile site for its drilling operations as to the second well and had duly notified Oil City Corporation thereof, and having employed laborers, purchased and placed on the site a derrick and other materials necessary for starting the well, including the purchase of deep-drilling oil-well machinery, and having negotiated for the drilling of the well and made its commitments and other arrangements, on the faith of the oil company's contract to assign the leases hereinbefore referred to, and to place them in escrow with the bank as aforesaid, brought suit for specific performance of the contract with respect to the making and escrowing of the assignments, which promise it alleged defendant had failed and refused to carry out and perform for complainant's benefit.

On demurrer to the bill (interposed under the old chancery practice) the bill was held to be without equity and the complaint was dismissed.

So the proposition to be decided on this appeal is whether or not there is equity in a bill in chancery brought for specific performance of an oil and gas well drilling and

prospecting contract, whose terms and provisions, so far as complainant is concerned, are not capable of being required to be specifically performed, because they are largely of an individual service character and require some personal supervision extending over a considerable period of time.

Where the main object of a contract is to secure the development of land by the drilling of test wells for oil and gas on it, to the end that it may be determined whether the land contains oil or gas, and where the nature and character of the drilling to be done is left almost entirely to the good faith, judgment, discretion and skill of the one undertaking to drill the test wells contracted for, so the performance of the contract requires some personal supervision that will extend over a considerable period of time, such contract insofar as it affects the contracting driller, is incapable of specific performance by decree against him, because of the inability of the court to undertake supervision of performance of such a contract.

So a contract for the drilling of an oil well, where the details of its execution are left to the judgment and skill of the driller, will not ordinarily be specifically enforced against the party contracting to drill, where continued supervision is required. Los Angeles & Bakerfield Oil & Development Co. of Arizona v. Occidental Oil Co., 144 Cal. 528, 78 Pac. Rep. 25; Texas Pacific Coal & Oil Co. v. Barker (Texas Civ. App.), 252 S. W. Rep. 809; Caddo Oil & Mining Co. v. Producers' Oil Co., 134 La. 701, 64 Sou. Rep. 684; Rich v. Donaghey, 71 Okla. 204, 177 Pac. Rep. 86, 3 A. L. R. 352; Olive v. Fayette County, 219 Ala. 172, 121 Sou. Rep. 703.

In the present case it was not made to appear in complainant's bill of complaint that complainant had already drilled the well contracted for. So the principal considera-

tion for the agreement was still unexecuted on complainant's part at the time the present suit was brought with reference to the agreement to assign and escrow the leases.

In Clark v. Andrew, 11 Fed. (2nd) 958, recently cited with approval by this Court in Yale Investment Co. v. Williams, 105 Fla. 414, 141 Sou. Rep. 308, the United States Circuit Court of Appeals of the Fifth Circuit held that before specific performance of any agreement is authorized, there must be mutuality of *remedy in equity at the time of the filing of the complainant's bill,* else specific performance should be denied. To the same effect is our own case of Gautier v. Bradway, 87 Fla. 193, 99 Sou. Rep. 879.

The fact that the contract itself may not be void for want of mutuality of obligation, as distinguished from want of mutuality of corresponding remedies in equity, is immaterial. The test is whether at the time the suit for specific performance is brought, there is a recognizable mutuality of remedies in equity between the parties to the suit as a basis for awarding specific performance in equity to the party complainant as against the party defendant. If there is no such mutuality of equitable remedies, although there may be mutuality of obligation of contract, specific performance will ordinarily be denied unless the contract has been fully performed on one side.

The instant appeal must be decided on the principle that equity will not enforce specific performance of a contract as against the defendant unless the complainant has either already performed all that is to be done on his part, or has placed himself in a situation where he can be compelled specifically to perform his side of the contract sued on, all of which must be made to appear in complainant's bill of complaint. Clark v. Andrew, *supra.*

While a tender of performance may be the legal equivalent

of actual performance, as was held in the case of Clark v. Andrew, just cited, such tender of performance must be of such character that it amounts to a substantial performance of all that complainant is required to do on his part. But unless it is an efficient tender, *i. e.*, is the legal equivalent of complete performance on complainant's part of all that he is required to do in order to discharge his own undertakings under the agreement, specific performance of an executory provision of a contract. based upon a mere tender of performance of complainant's part, is not authorized as against the opposite party, unless the tender as made is the legal equivalent of actual performance.

. In this case it appears by the complainant's own allegations that, by reason of the nature of appellant's unperformed obligation to drill the oil well contracted for, appellant could not, at the time the present suit was filed, have been decreed to specifically perform its side of the contract it sought by its suit to specifically enforce against the opposite party. For this reason such bill of complaint was properly held to be without equity and was therefore properly ordered to be dismissed.

The decree appealed from is affirmed, but without prejudice to the right of appellant to seek appropriate redress other than specific performance, if it conceives that its contractual rights have been violated by appellee in the particulars complained of in the present proceeding as a basis for its prayer for specific performance.

Affirmed.

. WHITFIELD, TERRELL and BUFORD, J. J., concur.