STILES SCOTT v. CITY OF VENICE, a Municipal Corporation, *et al.*

167 So. 654.
Division A.
Opinion Filed April 24, 1936.

*C. L. McKaig* and *James E. Kirk,* for Appellant;
*Winder H. Surrency,* for Appellees.

PER CURIAM.—The appellant, plaintiff in the court below, filed a bill of complaint against the defendant, appellee here, for the specific performance of an alleged contract on the part of the City to sell and convey to the plaintiff a certain parcel of land. The defendant filed an answer which had attached thereto as Exhibit B a certified copy of the minutes of several meetings of the City Council, consisting in all of fifty-eight pages. The plaintiff interposed a motion to strike each and every paragraph of the answer and also a motion to strike Exhibit B. The court made an order

denying both of said motions and from this order the appeal was taken. The facts alleged in the pleadings are unusual and not likely to occur again. We therefore deem it unnecessary to lengthen this opinion by attempting to summarize the facts. While the question presented to the lower court was a rather close one, on the facts as alleged, we are not convinced that the Chancellor was in error in overruling the motion to strike the answer.

The enforcement by a court of equity of a specific performance of a contract is not a matter of right in either party to such contract, but a matter for the exercise of sound discretion by the court, and should only be exercised when a decree for specific performance would be strictly equitable as to all the parties under the facts as they exist, and unless it clearly appears that the Chancellor has erred in his decree in refusing a specific performance, it will not be reversed on appeal. Murphy v. Hohne, 73 Fla. 803, 74 So. 973; Dale v. Jennings, 107 So. 175, 90 Fla. 234. Here the appeal is not from a final decree, but the refusal of the Chancellor to strike the answer was in effect to hold that the facts alleged in the answer constituted a good defense as against a bill for specific performance of the contract.

The motion of plaintiff to strike Exhibit B, which was attached to and made a part of the answer, should in our opinion have been granted. This exhibit of fifty-eight pages violated Section 22 of the 1931 Chancery Act, which provides that all pleadings in an equity case shall be expressed in as brief and succinct terms as reasonably practicable, and shall contain no unnecessary recitals of documents in *haec verba,* or other irrelevant, redundant or impertinent matter not relevant to the suit, and that no papers shall be unnecessarily annexed as exhibits. This exhibit contains much irrelevant matter and while much of it

might have been introduced as evidence to sustain the allegations of the answer, it was clearly improper to embrace it either in the answer or attach it as an exhibit. While the action of the court in overruling the motion to strike this exhibit may not have worked any very great injury upon the plaintiff, nevertheless the motion was well founded and it was error to deny it.

The qualifications and exceptions to the general rule set forth in the statute are treated in MacCarthy's Chancery Act Ann., 2nd Ed., pages 59 to 64.

For the error pointed out the order appealed from is to that extent reversed and the cause remanded.

Reversed and remanded.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.