MAYOR SPEISBERGER v. NEWMAN REALTY COMPANY, INC., .ROBERT J. NEWMAN; and HOLLYWOOD AMUSEMENTS, INC.

169 So. 859.

Opinion Filed September 23, 1936.

Rehearing Denied, Oct. 23, 1936.

*Rogers & Morris* and *Albert B. Bernstein,* for Appellant; *T. D. Ellis, Jr.,* and *Bryant & Pittman,* for Appellees.

DAVIS, J.—Mayor Speisberger filed a bill for specific performance of an alleged written agreement to lease the Hollywood Theatre for a term of ten years.

Upon a trial of the controversy on its merits the Chancellor made a specific finding that the evidence in the case wholly failed to sustain the complainant's contention that

one Robert J. Newman, an alleged agent for the defendant, was authorized to sign the rental agreement sought to be enforced against the principal and defendant, Newman Realty Company, a corporation, the appellee in this appeal.

The Chancellor further adversely decided on its merits (on conflicting evidence) the additional contention of complainant below and appellant here to the effect that the alleged contract had been subsequently lawfully ratified by delivery of same to, and acceptance of same on the part of and by, one C. R. Gilliland, as contended for on complainant's behalf.

So the principal and controlling issue tried and decided by the Chancellor below was wholly one of disputed facts, as to which an examination of the record discloses to us as an appellate court there is no reversible error in the Chancellor's conclusion that the circumstances shown by the evidence do not warrant a decree for specific performance as prayed in the court below. In addition, the Chancellor affirmatively found and decreed sharp practice and over-reaching attempted on complainant's behalf against defendant which in the Court's opinion rendered a decree of specific performance "highly inequitable" under the facts shown and established by the evidence.

An enforcement in equity of the specific performance of a contract to make a lease is not a matter of right or a matter of course such as the right to foreclose a mortgage or to recover a judgment at law, but rests in the sound discretion of the court, controlled by well established doctrine of equitable jurisprudence. McCaskill Co. v. Dekle, 88 Fla. 285, 102 Sou. Rep. 252; Martin v. Albee, 93 Fla. 941, 113 Sou. Rep. 415, Williams v. Neeld-Gordon Co., 86 Fla. 59, 97 Sou. Rep. 315; Bowling v. Nat's Convoy & Trucking Co., 101 Fla. 634, 135 Sou. Rep. 541.

The discretion of a Chancellor in refusing specific performance of a particular contract for sale or loss of real estate, especially where the right as asserted by the complainant is in dispute, and doubtful as to its having been properly derived, will not be disturbed on appeal unless demonstrated to be clearly erroneous. Witham v. Shepard, 84 Fla. 75, 92 Sou. Rep. 685; Orlando Realty Board Bldg. Corporation v. Hilpert, 93 Fla. 954, 113 Sou. Rep. 100; Daubmyre v. Hunter, 86 Fla. 326, 98 Sou. Rep. 69.

So applying the foregoing well settled principles of equity jurisprudence to the record in the present appeal, as to which a motion to dismiss same as frivolous has been interposed by appellee under Section 4639 C. G. L., 2920 R. G. S., it appears that the decree should be affirmed on the authority of Treat v. State, *ex rel.* Mitton, 121 Fla. 509, (first headnote) 163 Sou. Rep. 883—the motion to dismiss as frivolous being denied but the decree affirmed on the ground that such must be its inevitable disposition if postponed for later consideration.

Affirmed on motion to dismiss appeal as frivolous.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.