Ruth A. Wood, by William L. Wood, her next friend, v. Arthur H. Hammel, as Administrator of the Estate of Anna L. Many, deceased, *et al.*

181 So. 145.
Division B.
Opinion Filed October 28, 1937.
Appeal Dismissed May 24, 1938.

*Batchelor & Dyer,* for Appellant;
*Albert S. Dubbin,* for Appellees.

BROWN, J.—This is an appeal from an order of the lower court dismissing a bill of complaint filed by the appellant in the Circuit Court of Dade County. The suit was one in equity seeking the specific performance of an oral agreement to make a will. The bill of complaint alleges that the decedent's relations with the appellant had been close and intimate, appellant being the niece of the decedent, and the latter having no children. That the appellant had devoted much of her time during the last twenty years administering to the convenience and comfort of the decedent and her husband, and further that there was little contact between the decedent and her other relatives.

The bill further alleges that "on or about the 4th day of March, 1935, the said Mrs. Many, decedent, attended a party at the home of a Mrs. Hammell, plaintiff being with her, and while there she had a dizzy spell which greatly alarmed her. Shortly thereafter at the home of the plaintiff, while in conference with the plaintiff, and plaintiff's son, Roland, being present, Mrs. Many again referred to her serious physical condition and expressed fear that she might have a stroke at any time, and after referring to her dependence on the plaintiff, said to the plaintiff that if she, plaintiff, would continue to look after her as she had done in the past as long as she lived, she would will the plaintiff all her estate. That the plaintiff knew how she felt toward her relatives and could use her judgment as to what if anything she would give them. Plaintiff thereupon told her

that she would do this, and plaintiff did in fact give to the said Mrs. Many her continuous care and attention daily until her death which occurred a few days thereafter."

The bill further alleges that the estate of the decedent now in the hands of the Administrator consists of about $20,000.00 in cash, the real and personal property belonging to the estate having all been sold and converted into money.

The Court in dismissing the bill of complaint gave for the reason, "that the alleged services rendered as shown by the bill of complaint are so grossly inadequate in comparison to the value of the estate upon which specific performance is asked as to make it impossible for a court of equity to recognize said bill of complaint."

Question: Was the consideration as expressed by the Bill of Complaint so grossly inadequate that the oral promise to make a will cannot be enforced by specific performance?

The lower court should be sustained in its ruling that the bill of complaint should be dismissed.

There are no cases directly in point that have been decided by this Court. The case of Exchange National Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685, though involving a situation somewhat similar to this, was an action in assumpsit and did not involve the points of law present in the instant case. Therefore we must turn our search for precedent to other jurisdictions.

By review of the authorities and cases we find that by the great weight of authority, where it appears that the promisee in a contract of the kind under consideration occupies some peculiar relation to the promisor, or because of the latter's physical or mental condition the services performed were of a kind the value of which could not fairly be estimated according to any pecuniary standard, specific performance of the contract whether oral or written will be enforced *if it is otherwise equitable;* 106 A. L. R. 760,

citing cases from fourteen jurisdictions. Among the late cases dealing with this subject is Ballou v. First Nat'l Bk. (Colo. 1936) 53 Pac. (2nd) 592; Holsz (Ill. 1936) 200 N. E. 601; Selle v. Selle (1935 Mo.) 88 S. W. 877; Johnson v. Wenrle (1931) 156 A. 229; Moyer v. Hafner (935) 260 N. W. 789.

But where it appears for any reason that the enforcement of an agreement to devise or bequeath property in return for services would be unfair, inequitable or unjust, the remedy will be denied and *each case must be governed by its own facts and circumstances.* See 69 A. L. R. 67, supplemented by 106 A. L. R. 751, and the case of Woltz v. First Trust Co. (1932) 9 P. (2nd) 665.

Again we find in the case of Holsz v. Stephen, *supra*, that "whether the specific performance of a contract will be granted depends in a large measure upon the facts in the case. Even where the terms of the contract are certain, clear and unambiguous, specific performance is not a matter of right, but rests in the sound discretion of the court to be determined from all the facts and circumstances; citing Edwards v. Brown, 139 N. E. 618, and R. C. L. Title "Specific Performance," Sec. 16.

A careful analysis of the appellant's bill of complaint will reveal that the consideration for the contract in the instant case was the services that she thereafter rendered to the decedent for a few days before her death, and the amount of compensation that she claims, under the contract, is a $20,000.00 estate. The bill shows that the appellant knew of the delicate health of the decedent and that decedent, at the time she made the alleged oral promise, referred to her serious physical condition and expressed fear that she might have a stroke at any time.

The bill of complaint thus shows that the appellant well knew that she could not last long and being closely connected

with her, as she alleges she was, she must have known the value of the estate owned by the decedent promisor.

The time for measuring the adequacy of a consideration for an agreement to devise property in return for personal services rendered in the life time of the decedent is the time when the agreement was entered into, not at the time it is to be enforced, and an agreement that is fair in its inception cannot, because of subsequent events, become unfair and unconscionable. We find in 69 A. L. R. 115, "The extent of the consideration, there having been performance, is to be measured by the breadth of the undertaking, rather than the fact that the actual service was only for a comparatively short time due to the death of the promisor," citing among others the case of Burmeister v. Haman, 336 N. W. 10, holding that "the fact that the promisor died shortly after the execution of the contract and before its performance for any considerable length of time, did not present any valid grounds for denying the promisee the right to the specific performance of the contract, where in view of all the circumstances, including the age of the parties, it was fair when entered into."

In the case at bar, considering all of the circumstances as alleged in the bill—the poor health of the decedent, the large amount of property owned by decedent, the services rendered by the appellant—we must necessarily conclude that the agreement was not fair at the time it was entered into and that the "breadth of the undertaking" was not great enough to warrant the agreed compensation. As set forth in the bill it is apparent that the appellant knew the probable proximity of death to the promisor and knew that in all probability she would only have to perform the services for a short time.

It is contended by the appellant that the servcies rendered during the twenty years preceding the agreement are

a part of the consideration. This is not alleged in the bill. We find there that "after referring to her dependence on plaintiff, she said to plaintiff if, she, plaintiff, would continue to look after her as she had done, in the past as long as she lived, she would will plaintiff all her estate." It appears from the above alleged contract as set out in the bill that the years of service prior to the contract are referred to only to predicate the measure of the future services and the manner in which such services were to be given. The bill does not allege that the plaintiff had not already been compensated for these past services.

We are aware that past services can be, and often are, a consideration for a contract, but in cases of this type we find that the agreement or contract refers to the past services and states that it is part consideration for the contract. See Avenetti v. Brown (Wash.) 291 Pac. 469. In this bill it does not state that such past services were given as a reason for the decedent entering into the contract, at the time of the agreement.

Our Court has expressed itself in Dale v. Jennings, 90 Fla. 234, 107 So. 175. "Equity will not decree specific performance of a contract unless it is strictly equitable; even if plaintiff's inequity is insufficient to warrant cancellation of tthe contract, its enforcement may be refused."

In view of the fact that the only consideration given by the plaintiff was her services for a few days, and there was no change in the *status quo* of the plaintiff, we are of the opinion that the consideration is grossly inadequate and that it would be inequitable and unjust to enforce the contract by specific performance.

Another ground that under some of the cases would prevent the appellant from being granted specific performance of the contract is that the services rendered were not shown to be of such a peculiar nature and to have continued for

such duration of time as that they could not be adequately compensated for in a suit at law.

The order appealed from will therefore be affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J., concur in the opinion and judgment.