SAILING W. BARUCH v. W. B. HAGGERTY, INC.

188 So. 797
Division B.
Opinion Filed May 16, 1939.
Rehearing Denied May 30, 1939.

*A. Frank Katzentine & W. Sanders Gramling* and *Alonzo Wilder,* for Appellant;

*Harry H. Cole,* for Appellee.

PER CURIAM.—This appeal is from an order denying a plea of privilege and denying a motion to dismiss the bill of complaint.

On April 20, 1937, in Miami, Dade County, Florida, W. B. Haggerty entered into a contract with Sailing W. Baruch, Jerome Lewine, Leslie Herman and Benjamin Freeman, as co-partners, represented by Sailing W. Baruch, for the sale by Haggerty to the co-partnership of 50% interest in W. B. Haggerty, Inc., a corporation, in which corporation W. B. Haggerty owned the entire capital stock of 100 shares, having no nominal or par value. The consideration to be paid for the transfer was $50,000.00, which was to be used only in the capital structure of the business, and was to be paid as follows; $10,000.00 on signing the agreement; $15,000.00 within 30 days from the date of the agreement; and the remaining $25,000.00 upon demand, after 30 days from the date of the agreement, when needed to be employed in the business of the corporation. It was agreed that upon payment of the first $10,000.00, 10% of the capital stock of the corporation would be issued to the corporation; that on payment of the next $15,000.00, a further 15% of the stock would be so issued; and that on payment of the final $25,000.00, a further and final 25% of the stock would be issued to the co-partnership.

On June 22, 1937, W. B. Haggerty, Inc., a corporation, filed its bill of complaint against the co-partners, seeking specific performance of the contract, by having defendants pay plaintiff the purchase money with interest from the time it should have been paid under the contract. The suit was instituted in Hillsborough County, where the corporation was domiciled. Service was had upon Sailing W. Baruch in Dade County, where he resided, and was returned unexecuted as to the other defendants.

The bill alleged, in substance, that the corporation, W. B. Haggerty, Inc., was organized for the purpose, among others, of dealing in produce and produce supplies and as a general merchandise broker and manufacturer of food products; that the corporation became the sole owner of a copyrighted trade mark used on a label to be employed in the canning and distribution of grapefruit and other citrus juices, and at the time of the execution of said contract, said corporation had commenced the sale of citrus juices under said label; that in order to exploit said copyrighted label and to provide capital for marketing products under that label, W. B. Haggerty entered into said contract with defendants; that defendants, through one of their number, Sailing W. Baruch, issued their check for $10,000.00 to W. B. Haggerty, as payment of the first installment on the contract, and Haggerty delivered it to plaintiff; that subsequent to delivery thereof, defendants stopped payment on said check, and have refused to comply with any of the terms of said contract, although W. B. Haggerty has been ready, willing and able to perform his part of the contract.

A plea of privilege that defendant be sued in Dade County, and a motion to dismiss the bill of complaint, filed by Sailing W. Baruch, on September 28, 1937, were both denied by the Chancellor, and this appeal was taken.

The first question presented is whether the plea of privilege should have been sustained.

The contract in question was executed in Dade County; the only defendant served, Sailing W. Baruch, resides in Dade County; and plaintiff corporation is domiciled in Hillsborough County. The contract did not state where it was to be performed. The suit was instituted in Hillsborough County.

In the case of Croker v. Powell, 115 Fla. 733, 156 So. 146, 150, this Court said:

"Where a contract involving the payment of money is made in one county and payments under the contract are to be made in another county, an action for a breach of the promise to pay may be maintained in the county where the payment was agreed to be made, for there the breach occurred and the cause of action accrued; and if no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach. See Littell v. Nichols' Adm'rs, Hardin (Ky.). 66; 40 Cyc. 83; Indian Lumber Co. v. Roux, 106 Fla. 77, 143 So. 142."

Under the rule as stated above, it is entirely proper, under the circumstances existing in this case, for the cause of action to be instituted in Hillsborough County, the domicile of the corporation and of W. B. Haggerty individually; and denial of the plea of privilege by the Chancellor was not harmful to the defendant.

The second question presented is whether or not the remedy of the seller against the purchaser, under this contract, is in equity, or whether the remedy at law is full, adequate and complete, and should be pursued.

Corpus Juris states the rule as to whether or not equity will take jurisdiction in this class of cases, in the following language:

"In the United States the authorities are in conflict as

to specific performance of contracts concerning stocks. In general, a bona fide contract for the sale of actual stock will be enforced in every case in which specific performance would be granted if the contract related to any other kind of personal property. Hence, specific performance of a contract concerning stock usually will not be decreed unless damages at law are clearly incomplete and inadequate; but where justice demands it, a contract to sell stock will be specifically enforced. Further, where the shares of stock possess peculiar and unusual value, specific performance will be granted. The rule that specific performance of a contract to deliver property not in existence at the time the contract was made will not be granted does not apply to a contract for the sale of shares of stock to be issued. Where damages at law would be inadequate, specific performance of a contract to purchase corporate bonds may be decreed." 58 C. J. 1040, Sec. 265.

"Where the contract concerns stock commonly bought and sold in the market, the value of which is readily ascertainable, or which is fixed, and the stock is readily obtainable, and there is no particular reason why the remedy should be required, specific performance will not be decreed." 58 C. J. 1041, Sec. 266.

"Where the stock has no market value, and its value is not fixed, and cannot be readily ascertained, and the stock cannot be readily obtained otherwise, or there is a particular reason why the remedy should be granted, specific performance may be granted." 58 C. J. 1041, Sec. 267.

Ruling Case Law states the rule in the following language:

"As a general rule a contract to buy a specified number of shares of the capital stock of a corporation at a price designated will not be specifically enforced in equity at the suit of the seller, since his remedy at law is adequate. No

special value is deemed to attach to any particular shares of stock over other like shares, and the damages which may be obtained at law are considered adequate to enable the plaintiff to procure stock in the open market equivalent to that which he would have been entitled to receive under his contract. But where no stock is obtainable in the open market a different situation is presented. In such a case the remedy at law may be wholly inadequate and for this reason a contract of sale may be specifically enforced either at the instance of the buyer, or the seller. So it has been held that specific performance may be had of a contract to deliver stock, the pecuniary value of which is not readily ascertainable, or where the stock has no market value." 25 R. C. L. 298, Sec. 110.

This remedy, if available to the purchaser, is likewise available to the seller, because relief is based upon mutuality of remedy. On this subject, Corpus Juris contains the following:

"Although there is contrary authority, specific performance of contracts for the sale of chattels and things in action has been founded on the principle that where the purchaser might obtain the remedy, the seller is likewise entitled to it. Thus, the relief has been granted on such ground in the case of sales of stocks, patents, annuities, and debts." 58 C. J. 1044, Sec. 275.

In this connection see also Blue Point Oyster Co. v. Haagenson, 109 Fed. 278; Cole v. Cole Realty Co., 169 Mich. 347, 135 N. W. 329; Austin v. Gillespie, 54 N. C. 261; Hissam v. Parish, 41 W. Va. 686, 24 S. E. 600, 56 A. S. R. 892; Bumgardner v. Leavitt, 35 W. Va. 194, 13 S. E. 67, 12 L. R. A. 776.

The bill of complaint in this case contained allegations showing that this corporation was a closed one, the seller owning all of the outstanding stock; that none of the stock

had ever been put on the market, and so had no market value; that the stock had no fixed value and had no par value. The bill of compalint also contained the following allegations:

"VI. That the stock of this complainant is not obtainable on the open market and has never been offered to the public for sale and the value of said stock lies almost wholly in the value of the copyrighted trade label aforesaid and in its future development and use in marketing products under said label, and that consequently the damages sustained by W. B. Haggerty, Inc., by reason of the failure of said defendants to comply with the terms of said contract are incapable of ascertainment and wholly conjectural.

"VII. That by reason of the failure of said defendants to carry out the agreement as herein set forth W. B. Haggerty, Inc., has been greatly injured in a sum not readily ascertainable in a court of law and is incapable of exploiting its sole asset unless said defendants comply with the agreement as herein set forth. That said corporation will continue to suffer damage until and unless the defendants as aforesaid be required to carry out the terms of the agreement entered into by them.

"VIII. That the said W. B. Haggerty stands ready, willing and able at all times to cause to be delivered to the complainant and complainant stands ready to issue and deliver to these defendants as aforesaid the shares of stock of said corporation as provided for in said agreement and to have the same transferred upon the books of the corporation."

Under the factual situation as alleged by the bill to exist, the buyer would be entitled to invoke the aid of equity to enforce the provisions of this contract for the sale of stock

in this corporation. Since the jurisdiction of equity could be invoked on behalf of the buyer, mutuality of remedy requires that jurisdiction of equity likewise be invoked and employed by the seller to enforce the provisions of this contract for the sale of stock. On this record the chancellor cannot be said to have erred in taking jurisdiction of the cause.

The third question presented is whether this cause could be maintained in the name of the Corporation, alone, when the contract was made between the co-partnership and W. B. Haggerty, individually.

Section 8 of the Chancery Act of 1931, which is Sec. 4918 (1) C. G. L., provides, in part, as follows:

"Every action shall be prosecuted in the name of the real party in interest, but * * * a party with whom or in whose name a contract has been made for the benefit of another, * * * may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs. * * * Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and when any one refuses to join, he may for such reason be made a defendant."

The contract provided that the $50,000.00 to be paid W. B. Haggerty for this stock would "be used in the capital structure of the business only" and it would "be employed only as capital." The bill alleged in effect that the contract was entered into for the purpose of obtaining capital to exploit the copyrighted label to be used in manufacturing and marketing citrus juices. This indicates that the contract was made for the express benefit of the corporation.

Under this statute then, Sec. 4918 (1) C. G. L., either the corporation or the seller of the stock might have instituted the action and it is not made to appear that it is necessary for both to be joined as plaintiffs. The chancellor has authority, under this Act, Sec. 4918 (1) C. G. L. to compel joinder of parties plaintiff or defendant, when necessary; and he can exercise this authority if it later becomes necessary.

No error of law or procedure having been made to appear, the order appealed from is accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Cour.t