BUFORD, Justice.
This is an appeal from an order dismissing plaintiff-appellant’s second amended bill of complaint for want of equity.
The second amended bill of complaint alleged:
“1. That the plaintiff is a resident of Dade County, Florida, and at all times hereinafter mentioned was a duly and regularly licensed general contractor, licensed by the State of Florida, to act in such capacity; that the defendant, Selma Arthur, and Sam Hasner, are residents of Dade County, Florida; that Prince Arthur Building Corp. is a corporation organized and existing under the laws of the State-of - Florida, and that all the real parties hereto are over the age of 21 years.
“2. That on or about the middle of January, 1953, Alfred D. Lewis, Selma Arthur, and Sam Hasner, entered into an oral contract to organize a corporation under the laws of the State of Florida; said corporation to be known as Prince Arthur Building -Corp., to erect 36 dwelling houses, on a certain tract of land to be selected by them. That under the terms of said oral contract, Alfred D. Lewis was to aid in the selection and purchase of a suitable tract of land whereon the dwelling houses were to be erected; that he was to create sketches of dwelling houses of such size and proportion to compete with other project homes, in price and quality; within the-community wherein the dwelling houses were to be erected; tliat he was to engage the services of a licensed architect to draw plans and specifications pursuant to his creation; that upon the plans and specifications being drawn, he was to secure from the Veterans Administration their certificate of reasonable value for sale to veterans - the said homes; that he was to initiate proceedings to obtain permanent mortgage commitments on the said homes and obtain ■ construction loans based on said .permanent mortgage commitments in order to raise the capital necessary to finance the construction of the said homes; that he was to engage the services of a, licensed surveyor-to survey the said land, which was necessary to the development of the said project and caused a plat to be drawn and submitted to the proper governmental agencies for approval; that in addition to all the above duties he was to supervise the entire construction of the project as general contractor.
“3. That the deféndants Selma Arthur' and Sam Hasner, were to advance sufficient capital to organize the said corporation, and to loan the corporation sufficient sums of money, over and above the amount of the construction loan heretofore referred to for the purpose of purchasing -a suitable tract of land and to complete the construe- ■ tion of the homes, which said sums were to be repaid to them by thq corporation, before division of profits between the parties herein.
“4. It was agreed by and between the parties herein that the corporation was to be formed prior to the actual commencement of construction, and was to be au-, thorized to issue 48 shares of stock of no, par value, and said shares were to be issued - as follows: ■ - ,
(a) Selma Arthur 16 shares ;
(b) Sam Hasner , 16 shares
(c) Alfred. D. Lewis 16 shares
said stock to be issued at the time of the formation of the said- corporation and prior, to the actual commencement of construe-; tion.
“5. Plaintiff says that he has completely' performed all of his obligations as set forth hereinabove with the sole exception of supervising, in the capacity of general contractor, the actual construction of the homes above - described; that -the corporation has been formed and its charter filed with the Secretary of State in Tallahassee, Florida; that to the plaintiff’s best knowledge and belief the defendants have caused the stock in -the said corporation to be *399 issued, or that the said stock is now ready to be issued, and that at the time of the filing of the original Bill of Complaint he was entitled to have the 16 shares of stock above described issued to him, and that pri- or to the filing of this action the plaintiff demanded of the defendants and all of them to issue to him 16 shares of stock in the said corporation, and that at the same time tendered and offered to further perform the balance of his obligations pursuant to the terms of the oral contract above described, and he has advised the defendants that he is ready, willing, and able to. perform the balance of his obligations.
“6. That despite his performance of the terms of the contract above alleged, and despite his demand to be issued 16 shares of stock in the corporation above described, the defendants and all of them refused and still refuses to so issue him the 16 shares of stock to which he is entitled.”
It therefore appears that plaintiff in the court below asserted the existence- of a contract which obligated him to perform certain services'and which obligated the parties to form a corporation to take title to the property contemplated' to be used for development, and to issue to plaintiff and to the other two parties, each 16 shares of stock in such corporation; that the two associates of appellant procured the issuance of letters of incorporation, but failed and refused to issue 16 shares of stock (the value of which cannot be determined) although, as it is alleged, plaintiff had' performed all acts and services contemplated by the contract to be performed by him prior to receiving the 16 shares of stock in such corporation.
Under these conditions the test is whether or not the bill of complaint states any grounds for equitable relief. See Lykes Bros., Inc. v. Board of Commissioners of Everglades Drainage District, Fla., 41 So.2d 898 and cases there cited.
For reversal, appellant relies on our -opinion and judgment in McCutcheon v. National Acceptance Corporation, 143 Fla. 663, 197 So. 475, 130 A.L.R. 915 and cases there cited. It is not necessary for us to repeat here what was said in the opinion in that .case, as such - opinion is available to the Bench and Bar of Florida. Appel-lee relies on our opinion and judgment in Calumet Co. v. Oil City Corporation, 114 Fla. 531, 154 So. 141, and cases there cited, as well as cases supporting the ruling adopted in that case.
We think that under the allegations of the second amended bill, the case falls squarely under the enunciations promulgated in the McCutcheon case, supra, and that because of the difference in factual conditions alleged, the case does not fall within the purview of the controlling rule stated in the case of Calumet Co. v. Oil City Corporation, supra.
Having reached this conclusion, the decree is reversed and the cause remanded with directions for further proceedings not inconsistent with the views herein expressed.
It is so ordered. .
ROBERTS, C. J., TERRELL and MATHEWS, JJ., and TAYLOR, Associate Justice, concur.
DREW, J., dissents.
SEBRING, J., not participating.