DREW* Justice
(dissenting). •
It is a firmly established rule that a contract for personal services will not be enforced in equity by compelling the rendition of the services. See Calumet Co. v. Oil City Corporation, 114 Fla. 531, 154 So. 141; 81 C.J.S., Specific Performance, § 82, p. 591; 49 Am.Jur. 156, Section 134.
If the lower court cannot compel thé appellant to perform the personal services which are admittedly a part of the consideration for the stock, there is no' mu *400 tuality of remedy. Calumet Co. v. Oil City Corporation, supra.
If there is no mutuality of remedy specific performance (a discretionary writ) will not lie. Calumet Co. v. Oil City Corporation, supra; Gautier v. Bradway, 87 Fla. 193, 99 So. 879.
If the above are correct statements of the law the lower court was entirely correct in dismissing the bill and leaving the appellant to pursue his remedy at law, which, I think, is the effect of the order appealed from.
The main opinion rests almost entirely on the case of McCutcheon v. National Acceptance Corporation, 143 Fla. 663, 197 So. 475, 478, 130 A.L.R. 915.
The only point settled in that case was that a contract for the sale of corporate stocks that have no recognizable or market value or which are procurable only from him who has agreed to sell may be specifically enforced in equity. It was because of this holding that the court in that case concluded that “the bill of complaint contains equity.” In that case we were not faced with the proposition that there was a lack of mutuality of remedy, because at the time the suit was filed the complainant was either entitled to the stock — or he wasn’t — as a matter of law. Nor was there any question of the performance of personal services in the future. The contract there involved was for personal services for one year commencing October 17, 1938, with the stipulation that if the employer “discharges you without cause, within one year from date, the entire amount of stock * * *” was to be transferred to plaintiff. While the plaintiff was discharged nine months after the agreement was made, the suit for specific performance was not instituted until October 26, 1939, nine days after the time for performing personal services under the contract had expired. And so it was, at the time suit was started there was a clear field in which equity jurisprudence could -operate.
I therefore respectfully dissent.