ANDREWS, Judge.
This is an appeal by the defendants, Raymond S. Hurley and Carl R. Warner, from an order granting specific performance of a contract for the purchase of corporate stock from the plaintiffs, Edward W. Thomas, et al.
The plaintiffs and the defendants, together with Consolidated Securities Corporation and Nick P. Christos, entered into a contract on April 18, 1961, whereby the latter agreed to purchase 19,050 shares of stock in Consolidated Development Corporation from the plaintiffs. Consolidated Securities Corporation was owned one-third each by Christos, Hurley and Warner.
Under the terms of the contract, the stock was placed in escrow and was to be released to the purchasers upon receipt of payment in the following manner:
(a) 4,000 shares on June 9, 1961
(b) 4,000 shares on or before July 10, 1961
(c) 3,000 shares on or before August 9, 1961
(d) 4,000 shares on or before September 11, 1961
(e) The balance of 4,050 shares on or before October 9, 1961.
The contract price was $8.50 per share. The contract further provided that upon default of any payment the escrow agent at the option of the seller could return the stock to the seller and the escrow agreement would then be at an end. In any event, all the shares were to be paid for no later than October 9, 1961.
Plaintiff Thomas had formerly been employed as a vice-president of Consolidated Development Corporation. The purpose of the contract was to prevent a large block of stock from being offered for sale on a market which might be adversely affected.
The first three blocks of stock were paid for as agreed. The fourth block of stock was not paid for as agreed, and the plaintiffs terminated the escrow agreement.
The plaintiffs then entered into a contract dated September 23, 1961 with Consolidated Securities Corporation and Nick P. Christos. The defendants Hurley and Warner were not parties to this second contract. Under the September 23rd contract the plaintiffs agreed to sell to Consolidated Securities Corporation and *521 Christos 10,550 shares of Consolidated Development Corporation stock. Under the second contract the price for the stock was to be $10y¡$ per share for 2600 shares and $9.75 or $1.00 below the average “bid” price, whichever was higher on the remaining shares. This contract stated: “This agreement constitutes the sole agreement between the parties, and supersedes any and all other agreements of any nature heretofore made.”
Only 600 shares were ever purchased under the second contract as the market price of the stock began to decline. In December of 1961 the high price was $11.50. It thereafter fell to $5.00 in October 1962, and eventually leveled off at about $1.50 per share about one month prior to the hearing.
The parties are in disagreement as to the character of the Consolidated Development Corporation. The defendants claim it is a publicly held corporation, and the plaintiffs claim it is closely held. There are approximately 354,000 shares of stock outstanding and 328 different shareholders. However, the two defendants together own approximately 172,400 shares and only 140,-000 shares have been sold to the public. The balance is owned by Maestre Industries, a corporation of which the defendants Warner and Hurley are directors.
The plaintiffs instituted suit for specific performance of the April 18, 1961 contract to compel the purchase of the stock remaining unsold by defendants Hurley and Warner. Consolidated Securities Corporation and Christos were not joined as defendants.
The trial court granted specific performance, requiring the defendants to purchase the 4,000 shares they had agreed to pay for on September 11. The court held that it “would be inequitable to compel the purchase of the stock under the last block of stock when prior to that time of payment the plaintiffs had entered into a contract to sell the stock for a higher price.’' It is from the above order that the defendants bring this appeal.
As a general rule, a contract calling' for the delivery of shares of corporate' stock will not be enforced in equity by way of specific performance unless damages at law are clearly incomplete and inadequate. This rule applies when the stock subject to litigation is quoted on a market or its value can be readily and certainly ascertained. Baruch v. W. B. Haggerty, Inc., 1939, 137 Fla. 799, 188 So. 797; 49 Am.Jur., Specific Performance § 130, page 153; 81 C.J.S. Specific Performance § 70, page 577.
There are a number of Florida cases im which specific performance of a contract dealing with corporate stock has been granted, thus recognizing the principle that this remedy is available under “appropriate circumstances.” These cases, however, involved stock of a closely held corporation, Baruch v. W. B. Haggerty, Inc., supra; stock that could not be purchased on the open market, McCutcheon v. National Acceptance Corporation, 1940, 143 Fla. 663, 197 So. 475, 130 A.L.R. 915; or stock, the value of which could .not be readily ascertained, Harbeson v. Jackson Land Co., Fla.App.1962, 143 So.2d 727, and are clearly distinguishable from the instant case,
In the case presently before the court, the stock was actively quoted on the “over-the-counter” market, and the record shows actual transactions in the stock as between the parties to this litigation. The corporation was not a closely held corporation as is generally defined in that the stock was more or less widely held by approximately three hundred shareholders. Under the circumstances, the plaintiff is entitled to recover for the damages he sustained as a result of the defendants’ breaching the contract. However, he has an adequate remedy at law and is not entitled to specific performance. Graham v. Herlong, 1905, 50 Fla. 521, 39 So. 111.
*522 Accordingly, the decree is reversed with instructions to transfer the cause to the common law side of the court for such proceedings as may be appropriate.
Reversed, with directions.
SHANNON, Acting C. J., and ANDERSON, ALLEN C., Associate Judge, concur.